McKinney, J.,
delivered the opinion of the Conrt.
James Cooper, "who died in Bedford county about the year 1833, by his will bequeathed certain slaves and other personal property to his widow for life — remainder to several of his younger children by name.
In 1839, Jane Cooper, one of the legatees in remainder, intermarried with Asa Harris, and died in 1845 without issue, leaving her husband surviving. In 1849 said Asa Harris died. And in 1853 the widow of the testator, in "whom the life-interest was vested, departed this life. Shortly after the death of the widow, the executors of James Cooper’s estate, pursuant to the direction of the will, converted the personal property remaining at the death of the widow into money.
The complainant is the administrator of the estate of the said Jane Harris, and in that capacity received from the executors of James Cooper $568 50, being her share as one of the legatees in remainder of the fund arising from the sale of the personal estate at the, death of the widow. The defendants to the bill are the personal representatives of Asa Harris and the brothers and sisters of said Jane Harris; and the only question submitted for our determination is, who are entitled to the fund in the hands of the complainant — whether the representatives of the husband, or the next of kin of the wife ? The Chancellor held that it belonged to the representatives of the husband, and in this opinion we concur.
*298 It is not controverted that the wife had a vested remainder, a fixed interest under the will of her father, to take effect in possession at the death of her mother. Nor is it controverted that contingent and executory interests, whether in real or personal estate, though they do not vest in possession, may vest in right, so as to he transmissible to the representatives of a party dying before the contingency upon which they depend takes effect. And it is therefore conceded that if Jane Cooper had been a feme sole at the time of her death, her remainder-interest would have passed to her personal representatives; or that, if she had survived her husband, and died before the termination of the life-interest of the widow, her remainder would in like manner have been transmitted to her personal representative. But it is insisted, in the events that have happened — both husband and wife having died before the termination of the life-estate' — that, notwithstanding the husband survived his wife, no interest in the remainder of the wife vested in him, but that her interest therein was transmitted to the administrator of the wife. The argument is founded upon the assumption that the contingent and executory interests of the wife in real or personal estate, which do not vest in possession during the life of the husband, are incapable in law of transmission to his representative.
We are not aware of any case before the present, in the Courts of this State, in which this precise question has been presented for adjudication. But, both upon principle and authority, it seems to us that the argument against the right of the husband’s executors is untenable.
Upon no sound principle can a distinction be taken *299 between tbe husband’s right or the right of his representative to the wife’s choses in action, and the right to her remainder or executory interests in slaves or other personal chattels. In reason none can exist; and the authorities to which we have referred recognize no distinction. It is laid down by the elementary writers that, on the death of the wife, the husband is entitled for his own benefit, jure mariti, to administer,' and to take all her chattels real, things in action, and every other species of personal property, whether reduced to possession, or contingent, or recoverable only by suit. 2 Kent’s Com., 136, margin, (ed. of 1854;) 2 Bl. Com., 515.
Several cases to which we have been referred are in accordance with this view of the law. In Wade vs. Boxly, 5 Leigh’s R., 442, it was held that where the wife took a vested remainder in slaves and other personal property by a bequest in the will of her father, and died in the lifetime of the legatee for life, her husband surviving, such remainder-interest passed to the husband. So, in Dade vs. Alexander, 1 Wash. R., 40, (Va.,) it was resolved by the Court that a feme sole, being entitled to slaves in remainder or reversion, and afterwards marrying, and dying before the determination of the particular estate, the right vests in the husband. And see cases referred to in the note. If this be a correct conclusion, as we think it is, it follows of necessity in such case that in the event of the husband’s death before the termination of the life - interest, the interest will pass to his personal representative. In the case of Ewing vs. Handley, 4 Littell’s R., 346, 356, the doctrine is distinctly stated, that if an interest in a chattel be vested in a married woman, and a particular estate exist undetermined, *300 so that no possession is acquired by the husband during the life of the wife, the right will belong to the husband in case he survives, and pass to his administrator; and it is further asserted, in the same case, that the husband is as much entitled to the contingent interests of the wife as to any other species of property that may have belonged to her.
The error and confusion upon this subject in a great degree have perhaps arisen from the course of decision, until a late period, in the Ecclesiastical Courts respecting the right of administration. Eormerly it was held by the judges of the Ecclesiastical Courts, upon the statute 21 Henry VIII — in contravention of the general principle that the right of administration shall follow the right of property — that in case the wife died intestate, and after-wards the husband died without having taken out administration to her, the next of kin of the wife was entitled to administration, and not the representative of the husband. 2 Williams on Ex’rs, 1276. But still, such administrator was regarded in equity as a trustee for the representative of the husband, for the reason that the husband surviving the wife, her whole estate vested in him at the time of her death, and that no other person could be entitled to her rights. 3 Atk., 527.
But the practice of the Ecclesiastical Court has been changed, and the rule now established is, that the administration in such case shall be granted to the representatives of the husband. 1 Williams on Ex’rs, 339; 2 Do., 1276.
The decree of the Chancellor will be affirmed.